IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 10- |
| TWENTY SEVEN THOUSAND DOLLARS AND NO CENTS ($27,000.00) IN UNITED STATES CURRENCY, | : |
| Defendant *in rem*. | : |

## VERIFIED COMPLAINT *IN REM*

Plaintiff, United States of America, by and through David C. Weiss, United States Attorney for the District of Delaware, and Lesley F. Wolf, Assistant United States Attorney for the District of Delaware, brings this complaint and alleges as follows:

## NATURE OF THE ACTION

1. This is an action to forfeit and condemn to the use and benefit of the United States of America Twenty Seven Thousand Dollars in United States Currency ($27,000.00) (the "Currency" or the "Defendant *in Rem*") for violations of 21 U.S.C. § 881(a).

## JURISDICTION AND VENUE

2. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant *in Rem* property under 21 U.S.C. § 881(a). This Court has jurisdiction over this action under 28 U.S.C. §§ 1345 and 1355. Moreover, the Court will have control over the property through the service of an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395(b) because the Defendant *in Rem* was found in this district.

## FACTS

4. On or around January 8, 2010, a trooper with the Delaware State Police observed a white Subaru Legacy, Maryland Registration #8FSG9, (the "Vehicle"), traveling Northbound on I-95 in Newark, Delaware. The trooper observed the Vehicle traveling 81 miles per hour in a posted 55 miles per hour zone. The trooper then initiated a traffic stop of the Vehicle.

5. The trooper approached the driver of the Vehicle who presented a driver's license, identifying him as L.B. L.B. also presented the paperwork for the Vehicle, indicating it was a rented from NextCar in Maryland. The rental agreement was in the name of the passenger in the Vehicle, S.J., who L.B. identified as his girlfriend. L.B. was not an authorized driver of the Vehicle.

6. L.B. stated that he and S.J. were on their way to Atlantic City and had brought $600 in order to gamble. Although both L.B. at S.J. stated they were staying overnight, no luggage was present in the car. However, S.J. explained that she had a change of clothes in a plastic bag.

7. While speaking with L.B., the trooper detected an odor of marijuana coming from the Vehicle. The trooper asked L.B. to step out of the Vehicle. When questioned about the odor of marijuana, L.B. admitted that he had smoked a "blunt" several hours earlier. The trooper then advised L.B. he would be conducting a search of the Vehicle.

8. Prior to placing L.B. in the rear of the trooper's vehicle, the trooper performed a pat down of L.B. for safety purposes. During this pat down the trooper detected a large bulge in

L.B.'s left front pocket. L.B. stated that he had approximately $1,800.00 in United States Currency in that pocket.

9. L.B. stated that the only other money in the Vehicle was a few dollars for tolls located above the visor. When asked if there were any significant amounts of money in the Vehicle, L.B., at first avoided answering the question, but then responded, "No."

10. Prior to the search of the Vehicle, S.J. stated that she had rented the car and that she and L.B. were traveling to Atlantic City. She consented to the search and was placed in the rear of a separate police car.

11. During the search, troopers discovered a plastic bag under two coats on the back seat. Inside of this plastic bag, there was a second plastic bag containing the Currency.

12. When confronted about the Currency, L.B. stated that the money was his and S.J. did not know anything about it. L.B. subsequently gave a statement to troopers repeating that he and S.J. were traveling to Atlantic City. He also stated that, thereafter, he was going to Newark, New Jersey to look at a car he had seen posted on Craig's List. He was unable to provide any information concerning the seller of that car. L.B. again stated the money was his, earned through his work as a "vendor" and that S.J. did not know about the money and did not know it was in the Vehicle.

13. S.J. also gave a post-search statement to the troopers. She stated that there was approximately $30,000 in the Vehicle, and this money was her savings. She gave the money to L.B. to hold because her brother now resided with her. L.B. was not supposed to bring the money with them.

14. On or about January 8, 2010, L.B. was on federal supervised release, in connection with a conviction relating to narcotics distribution and was not to leave his home state without

the prior permission of his probation officer. No such permission had been granted.

15. Using a K-9 drug detection dog, the troopers conducted controlled "hides" of the currency found in L.B's pocket and the Currency. The K-9 drug detection dog "hit" on both sums of currency.

## COUNT 1

16. Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 15 above.

17. There is probable cause to believe that the Defendant *in Rem* constitutes things of value furnished or intended to be furnished in exchange for a controlled substance, and/or were used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841 et seq.

18. As a result of the foregoing, the Defendant *in Rem* is liable to condemnation and to forfeiture to the United States for its use, in accordance with 21 U.S.C. § 881(a)(6).

WHEREFORE, the Plaintiff requests that the Court issue a warrant and summons for the arrest and seizure of the Defendant *in Rem*; that notice of this action be given to all persons known or thought to have an interest in or right against the property; that the Defendant *in Rem* be forfeited and condemned to the United States of America; that the Plaintiff be awarded its costs and disbursements in this action and for such other and further relief as the Court deems proper and just.

Respectfully Submitted,

DAVID C. WEISS
United States Attorney

By: _Lesley F. Wolf_
Lesley F. Wolf
Assistant U.S. Attorney
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, Delaware 19899-2046
(302) 573-6277

DATED: July 2, 2010

## VERIFICATION

I, Special Agent David Hughes, hereby verify and declare under penalty of perjury that I am a Special Agent with the United States Drug Enforcement Administration, that I have read the foregoing Verified Complaint *in rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: July 1, 2010

David Hughes
Special Agent